

# STATE OF MICHIGAN

## SUPREME COURT

ANTHONY PELLEGRINO, as Personal
Representative of the Estate of SHIRLEY
ANN PELLEGRINO, Deceased, and
ANTHONY PELLEGRINO, individually,

      Plaintiff-Appellee,

v                                           No. 137111

AMPCO SYSTEMS PARKING,

      Defendant-Appellant.

---

**Statement of Justice Corrigan Denying Plaintiff's Motion to Disqualify**
**November 18, 2009**

CORRIGAN, J.  After careful consideration of plaintiff's motion for recusal, I deny the motion.   Like Justice Young, I am deciding this motion under this Court's current and traditional rules of disqualification because it appears to me that the new disqualification rule recently considered by my colleagues violates the Michigan and federal constitutions.   I fully concur in and incorporate Justice Young's November 18, 2009 statement denying plaintiff's motion to disqualify.

With particular regard to plaintiff's allegations against me, plaintiff accuses me and my late husband, Joseph Grano, of general bias against his attorney, Geoffrey Fieger.

Plaintiff also alleges, based on an affidavit rife with hearsay of attorney Jack Beam, that I disparaged Mr. Fieger to Ohio Judge John E. Corrigan. Finally, plaintiff notes that I was initially appointed to the Court of Appeals by Governor John Engler and that a 2006 fundraising letter from Governor Engler, which was distributed by the Committee to Reelect Justice Maura Corrigan, stated: "We cannot lower our guard should the Fiegers of the trial bar raise and spend large amount of money in hopes of altering the election by an 11ᵗʰ hour sneak attack."

As is the case with Justice Young, Mr. Fieger has raised these or similar grounds at least 14 times in prior motions to recuse me, most notably in *Grievance Administrator v Fieger*, 476 Mich 231 (2006), and *Gilbert v DaimlerChrysler Corp*, 469 Mich 883 (2003). As in those cases, I am able to accord fair impartial and equal treatment to plaintiff's counsel and his clients. The statements in Governor Engler's letter are protected campaign speech under *Republican Party of Minnesota v White,* 536 US 765 (2002). Moreover, I have never met Judge John E. Corrigan. I did not talk to him on any subject, much less the conduct of Mr. Fieger.

Finally, I rely on the arguments raised in defendant's brief in opposition to plaintiff's motion. Defendant observes that plaintiff filed his motion on October 9, 2009. Thus, plaintiff inexplicably waited five months after this Court granted leave, on May 7, 2009, to move for the recusal of Justices Markman, Young and myself. The motion was filed less than a month before the scheduled oral argument. Accordingly, defendant reasonably characterizes plaintiff's motion—which is based on the same claims that plaintiff has known and raised for years—as a spurious dilatory tactic. Defendant also

2

persuasively observes that the justices named in plaintiff's recusal motion routinely rule in *favor* of parties represented by Mr. Fieger; this fact is directly contrary to plaintiff's claim that we must recuse ourselves due to an inherent bias against Mr. Fieger. Moreover, I agree with defendant and Justice Young that *Caperton v AT Massey Coal Co*, 556 US __, 129 S Ct 2252, 2263 (2009), is inapposite to plaintiff's grounds for my recusal in this case.

For these reasons, I deny plaintiff's motion to recuse me and I direct the Clerk of the Court transmit my denial statement to the parties.